[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2009
THOMAS K. KAHN
CLERK

_____

No.  08-11344

_____

D.C. Docket No.  06-60178 CV-JIC

EARL HUGHES BURGEST,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
SHERIFF KEN JENNE, et al.,

Defendants,

BRENDA WEST, #11548,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 3, 2009)**

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

# I. BACKGROUND

Earl Hughes Burgest was an inmate in a Florida jail. While in jail, another inmate told Burgest that a guard, Deputy Brenda West, had been telling inmates about Burgest's HIV status. Burgest filed a grievance alleging that West had disclosed private medical information. When the jail did not respond to the initial grievance in a timely fashion, Burgest filed additional grievances. Ultimately, the jail responded to one of his grievances, and found no merit in it.

Burgest brought this 42 U.S.C. § 1983 suit against West, alleging that she violated his constitutional right to privacy by disclosing his HIV status to other inmates.[1]

West moved for summary judgment, arguing that Burgest had provided no competent evidence that she had disclosed Burgest's HIV status to other inmates. Additionally, West argued that summary judgment was appropriate because Burgest had not exhausted the administrative remedies available to him before bringing his § 1983 suit as required by the Prison Litigation Reform Act of 1995. 42 U.S.C. § 1997e(a). The magistrate judge agreed with both of West's arguments, and his report recommended granting summary judgment to West. The district court, however,

---

[1] The complaint also alleged claims against other defendants, which were dismissed early in the litigation. (R.14 at 1.)

2

adopted only those portions of the magistrate judge's report that addressed exhaustion, and granted summary judgment to West because Burgest had not exhausted his administrative remedies. Burgest appeals.

## II. CONTENTIONS OF THE PARTIES & ISSUES ON APPEAL

Burgest argues that the district court's grant of summary judgment was inappropriate because he did exhaust his administrative remedies. Specifically, Burgest contends that his administrative remedies were exhausted when the jail failed to comply with its own grievance policy and respond to his grievance in a timely manner.

West responds that the jail's lack of a timely response to Burgest's grievance is irrelevant to the inquiry of whether he exhausted his administrative remedies. West contends that Burgest has failed to exhaust his administrative remedies since he did not complete all steps outlined in the jail's grievance policy. West argues alternatively that summary judgment is appropriate because she is entitled to qualified immunity, as Burgest has presented no admissible evidence that West disclosed his HIV status to anyone, and even if West did violate Burgest's constitutional right to privacy, such a right was not clearly established at the time of the violation.

We address in this appeal whether Burgest has produced any admissible evidence of the alleged constitutional violation. Because this issue alone is dispositive of the appeal, we do not address the other contentions of the parties.

## III. STANDARD OF REVIEW

We review de novo the district court's grant of summary judgment to West. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to Burgest, the non-movant, presents no genuine issue of fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(c).

## IV. DISCUSSION

West argues that the she is entitled to qualified immunity because Burgest has not produced any admissible evidence of a constitutional violation. Specifically, she argues that Burgest has only produced inadmissible hearsay evidence that she disclosed his HIV status to other inmates. Because we conclude that Burgest has not produced any admissible evidence of the constitutional violation he alleges, we need not reach the issue of whether the disclosure of his HIV status by West would, under the circumstances of this case, be a violation of Burgest's constitutional right to privacy. We assume for the sake of this appeal that it is.

Burgest points to the affidavit of Devon Thomas, an inmate, as competent evidence that West told other inmates about Burgest's HIV status. Thomas's affidavit, however, includes only hearsay evidence of the alleged constitutional violation, as he did not witness any disclosure by West, but only heard about it from another inmate. (R.69 at 4-5.) Inadmissible hearsay cannot be considered when deciding a motion for summary judgment. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999).

Burgest argues alternatively that we should not address the issue of whether there is adequate evidence of a constitutional violation because the district court has not yet addressed it. We disagree. We will affirm a grant of summary judgment if it is correct for any reason supported by the record, even if the district court did not rely on that reason. *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (*citing United States v. $121,100 in U.S. Currency*, 999 F.2d 1503, 1507 (11th Cir. 1993).

Finally, Burgest contends that he was unable to obtain an affidavit from one of the inmates whom West told about his HIV status because the prison housing him refused his requests to communicate with the prisoner. Had he been able to get in touch with this prisoner, Burgest argues, he could have provided admissible evidence of the alleged constitutional violation. If this is so, Burgest should have moved to

5

continue the motion for summary judgment under Fed. R. Civ. P. 56(f) to permit more discovery and thus allow him an opportunity to obtain competent evidence of the alleged disclosure.[2]  Regardless, we review whether summary judgment was appropriate based only on the evidence in the record. *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007).  Because there is no admissible evidence in the record that West disclosed Burgest's HIV status, summary judgment was appropriate.

Because we conclude that the grant of summary judgment was appropriate since Burgest produced no competent evidence of the alleged constitutional violation, we need not address whether Burgest exhausted his administrative remedies.

## V.  CONCLUSION

Burgest has failed to provide any admissible evidence of the constitutional violation he alleges.  West is therefore entitled to qualified immunity, and summary judgment was appropriate.  Accordingly, we affirm the district court's grant of summary judgment.

AFFIRMED.

---

[2]Burgest did file a Rule 56(f) motion to continue. (R.65.) But, his motion to continue sought to first compel West to serve him with copies of West's answer to his complaint and the exhibits filed in support of the motion for summary judgment, and then to continue the motion for summary judgment until he had received those documents and had time to respond to them. (*Id*. at 3.) The motion to continue did not seek time to conduct discovery needed to oppose the motion for summary judgment.